NO. 07-08-0211-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 6, 2009

_____

LARRY MCGEE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 3611; HONORABLE JOHN FORBIS, JUDGE SITTING BY ASSIGNMENT[1]

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Larry McGee, was convicted by a jury for third-degree felony possession

of marihuana enhanced by prior felony convictions and sentenced to twenty-five years

---

[1]John Forbis, (Ret.), 100th District Court, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(3) (Vernon 2005).

confinement. Appellant contends the evidence at trial was (1) legally insufficient and (2) factually insufficient to support his conviction. We affirm.

**Background**

The following evidence was adduced at trial. On December 5, 2005, Texas Department of Public Safety Trooper Michael Smith was patrolling Carson County when he stopped a Mercury SUV for speeding and a seatbelt violation by the driver. Jessie Moore, Jr. was driving the SUV and Appellant was a passenger. Although Moore indicated the SUV was a rental vehicle, neither Moore nor Appellant could produce a rental agreement.

Trooper Smith asked for, and received, consent from Moore to search the SUV. As he conducted his search, he noticed a very strong odor of marihuana emanating from the SUV's interior that was overwhelming. He found a black bag containing marihuana in the back seat and four other bundles underneath the SUV's seats. The combined weight of the bundles was seven pounds. He also found user amounts on Moore and Appellant. Appellant had a small package of marihuana in his shoe. In total, there was 7.64 pounds of marihuana recovered from the SUV, Moore, and Appellant.

During the traffic stop, Moore and Appellant gave inconsistent descriptions of their trip to Las Vegas, *i.e.,* their stories varied in their times of departure and the days actually spent in the city. In addition, although Appellant told Trooper Smith that Moore was a

2

family friend, he could not recall Moore's last name. Finally, Moore indicated that only he knew about the seven pounds of marihuana and Appellant denied knowing that the seven pounds of marihuana was present in the SUV.

## Discussion

Appellant contends the evidence at trial was legally and factually insufficient to support a conviction for third-degree felony possession of marihuana because the State failed to establish that he had custody, care and/or control over the seven pounds of marihuana in the SUV. In support, Appellant contends he was merely a passenger and knew nothing about the large amounts of marihuana.

### I. Legal Sufficiency

When conducting a legal sufficiency review of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Drichas v. State*, 175 S.W.3d 795, 798 (Tex.Crim.App. 2005). We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this is the function of the trier of fact. *See Dewberry v. State,* 4 S.W.3d 735, 740 (Tex.Crim.App. 1999). Instead, we determine whether both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in the

3

light most favorable to the adjudication. *Adelman v.* State, 828 S.W.2d 418, 422 (Tex.Crim.App. 1992).

To convict someone of the offense of third degree felony possession of marihuana, the State must prove that Appellant (1) knowingly or intentionally (2) possessed (3) a usable quantity of marihuana of not more than fifty pounds and not less than five pounds. Tex. Health & Safety Code Ann. § 481.121(a)(4) (Vernon 2003). Possession means "actual care, custody, control, or management," § 481.102(38) (Vernon 2003). *See also* Tex. Penal Code Ann. § 1.07(39) (Vernon Supp. 2008), and is established by evidence that the accused exercised control, management, or care over the substance and knew that the matter possessed was contraband. *King v. State*, 895 S.W.2d 701, 703 (Tex.Crim.App. 1995).

The State need not prove exclusive possession of the contraband since control over contraband may be jointly exercised by more than one person; *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App. 1985); *Taylor v. State*, 106 S.W.3d 827, 831 (Tex.App.–Dallas 2003, no pet.); however, if the accused was not in exclusive possession of the contraband, the State is required to present some evidence linking him to it. *Evans v. State*, 202 S.W.3d 158, 162 (Tex.Crim.App. 2006).[2]   Regardless whether the State's

---

[2]The Court of Criminal Appeals has recognized that "affirmative" adds nothing to the plain meaning of "link" and now uses only the word "link" to judge evidence of possession. *Evans*, 202 S.W.3d at 161 n.9.

evidence is direct or circumstantial, it must establish that the connection between the defendant and the contraband was more than fortuitous. *Id.*

Courts have identified a non-exhaustive list of factors that may help to show an affirmative link to the controlled substance. Some relevant factors that may affirmatively link an accused to contraband include: (1) the defendant's presence when a search is conducted; (2) whether the contraband is in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12. Each case is examined on its own facts and it is not the number of linking factors that is important but the "logical force" they create to prove that the defendant committed the crime. *Roberson v. State*, 80 S.W.3d 730, 735-36 (Tex.App.–Houston [1st Dist.] 2002, pet. ref'd).

Viewing the evidence in a light most favorable to the verdict, the record shows Appellant was riding in the SUV, an enclosed space, containing a substantial amount of marihuana–7.64 pounds. Appellant was present when the search was conducted in close proximity to the marihuana which was accessible and possessed a useable amount on his person. The odor of the marihuana permeated the car's interior so much so Appellant must have been aware of the presence of a large amount of marihuana. When asked to describe their trip, Appellant's account substantially differed from Moore's account. Appellant described Moore as a family friend but could not recall his last name and, although Moore indicated the SUV was a rental, neither he nor Appellant could produce a rental agreement. A rational juror could have found these circumstances sufficient to show Appellant's knowing possession of the marihuana. Accordingly, we hold this evidence is legally sufficient to support Appellant's conviction for third-degree felony possession of marihuana and overrule his first point of error.

## II.     Factual Sufficiency

When conducting a factual sufficiency review, we must begin with the assumption that the evidence is legally sufficient under *Jackson*.[3] *Laster v. State*, ___S.W.3d ___, PD-1276-07, 2009 WL 80226, at *2 (Tex.Crim.App. Jan. 14, 2009). A conviction is not subject to reversal on the basis of factually insufficient evidence unless: (1) the evidence supporting the conviction is "too weak" to support the factfinder's verdict, or (2) considering

---

[3]*Jackson v. Virginia,* 443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

conflicting evidence, the factfinder's verdict is "against the great weight and preponderance of the evidence." *Id.* In conducting our factual sufficiency review, we must defer to the jury's findings and we cannot conclude that the conviction is factually insufficient simply because we might disagree with the jury's verdict. *Watson v. State,* 204 S.W.3d 404, 416-17 (Tex.Crim.App. 2006); *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997). As directed by the Court of Criminal Appeals, in applying our analysis we are guided by at least three "basic ground rules": (1) we must consider all of the evidence in a neutral light, as opposed to in a light most favorable to the verdict[4]; (2) we may only find the evidence factually insufficient when necessary to "prevent manifest injustice";[5] and (3) we must explain why the evidence presented is too weak to support the verdict or why the conflicting evidence greatly weighs against the verdict.[6] *Laster v. State*, 2009 WL 80226, at *2; *Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

In support of his assertion of factual insufficiency, Appellant points to videotaped statements recorded during the traffic stop and arrest. Specifically, Moore and Appellant stated Appellant knew nothing of the seven pounds of marihuana in the SUV. Generally, a jury is the sole judge of the credibility and demeanor of witnesses as well as the weight to be given to testimony, *see Cain v. State*, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997), and we are required to afford "due deference" to the jury's determinations. *Marshall v.*

---

[4] *Watson v. State,* 204 S.W.3d at 414.

[5] *Cain v. State,* 958 S.W.2d at 407.

[6] *Watson v. State,* 204 S.W.3d at 414.

*State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006). Here, it was within the jury's province to disbelieve videotaped statements by Moore and Appellant. *See Fuentes v. State*, 991 S.W.2d 267, 271 (Tex.Crim.App. 1999).

Appellant also asserts that the absence of a large amount of cash in the SUV or on the person of Moore or Appellant militates in favor of a finding of factual insufficiency. However, the absence of various affirmative links does not constitute evidence of innocence to be weighed against the affirmative links present. *James v. State*, 264 S.W.3d 215, 219 (Tex.App.–Houston [1st Dist.] 2008, pet. ref'd) (citing *Hernandez v. State*, 538 S.W.2d 127, 131 (Tex.Crim.App. 1976)).

Having reviewed the entire record, we conclude the evidence is not so weak that the verdict is clearly wrong and manifestly unjust, and there is no basis in the record for a determination that the great weight and preponderance of the evidence contradicts the jury's verdict. *See Watson*, 204 S.W.3d at 417. We hold that the evidence is factually sufficient and overrule Appellant's second point of error.

**Conclusion**

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

8