Opinion issued December 9, 2010                                         

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00380-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



WILLIE FOSTER HAYNES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1184258

 

 



MEMORANDUM
OPINION

          A
jury convicted appellant, Willie Foster Haynes, of being a felon in possession
of a firearm.[1]  Appellant pleaded true to the enhancement
paragraphs and the trial court assessed punishment at 37 years’ confinement in
the Institutional Division of the Texas Department of Criminal Justice.  In four issues, appellant contends (1) he did
not voluntarily choose to proceed pro se at trial; (2) the evidence was legally
insufficient to show knowing possession; (3) the evidence was factually
insufficient to show knowing possession; and (4) the trial court failed to
instruct the jury regarding the admissibility of his custodial statements.  As modified, we affirm the judgment of the
trial court.

Background

          Appellant
sped past Officers Nathaniel Wackman and Scott Reinert while they were patrolling
in an unmarked car.  The officers
followed appellant and saw him u-turn under the highway and then switch lanes
several times without signaling.  Appellant
then stopped in a parking lot without pulling into a marked space or turning
off his headlights.  

Officer Wackman, who was in uniform,
pulled behind appellant, approached the car, and identified himself as a law
enforcement officer.  Officer Wackman
asked for appellant’s license and insurance, but appellant did not have
insurance.  Officer Wackman ordered
appellant out of the car and arrested him for driving without insurance.  Officer Wackman handcuffed appellant and
asked if there was anything in the car that the officers should know
about.  Appellant responded that he had a
loaded gun under his seat.  Officer
Wackman then asked what appellant had been arrested for in the past and
appellant responded he had been arrested for “possession and robbery.”  Officer Wackman interpreted possession to
mean drug possession.  Appellant also
stated these arrests led to final convictions. 
A third officer arrived in a marked car and ran a criminal history on
appellant showing an outstanding warrant for credit card abuse.  Officer Wackman asked Reinert to look for the
gun, which was clearly visible underneath the driver’s seat from Reinert’s
perspective by the open driver’s side door.

Appellant was indicted for being a
felon in possession of a firearm and trial counsel was appointed.  At a pretrial hearing, appellant requested to
represent himself at trial.  Appellant
stated the only reason he wanted to represent himself was because the trial
court refused to appoint a new attorney for him.  The trial court asked about appellant’s age,
education, and legal experience.  The
trial court verbally warned appellant that he would not receive special
treatment, that he would be responsible for knowing the law like a lawyer, that
neither the trial court nor stand-by counsel would try the case for him, and
that his choice would be to his own advantage or peril.  The trial court also informed him of the
crime charged and the range of punishment. 
Appellant signed written warnings regarding self-representation and
repeatedly stated he understood the risks. 


At trial, the jury heard testimony
from Officers Wackman and Reinert and several fingerprint experts.  Officer Wackman testified without objection
to appellant’s statements regarding the gun and his prior criminal
history.  He also testified that he would
have searched the vehicle incident to arrest even without the statements.  Officer Reinert demonstrated for the jury how
the gun was sticking out from underneath the driver’s seat and testified that
no search was made of the car until after appellant’s statements.  The fingerprint experts testified that
appellant’s prints taken at trial matched those on the jail records for his
prior conviction for credit card abuse in 2003. 
However, no identification could be made from a partial latent print
pulled from the gun.

Appellant rested without presenting
any defense evidence and the jury found him guilty.  No additional evidence was heard at the
punishment phase and appellant pleaded true to the enhancement paragraphs
detailing his convictions for credit card abuse, possession of a controlled
substance, and robbery.  The trial court
sentenced appellant to 37 years’ confinement.

Voluntarily Pro Se

          In
his first issue, appellant argues he did not voluntarily relinquish his right
to counsel when he chose to proceed pro se at trial.  

A.      The
Right to Self-Represent 

Federal and state law guarantee a
criminal defendant the right to the assistance of counsel, as well as the right
to waive counsel and represent himself.  See U.S. Const. amend. VI & XIV; see Tex.
Code Crim. Proc. Ann. art. 1.05 (Vernon 2005); Faretta v. California, 422 U.S. 806, 807, 818–20, 95 S. Ct.
2525, 2527, 2532–33 (1975); Hatten v. State, 71 S.W.3d 332, 333 (Tex. Crim. App. 2002).  A defendant should be warned of the dangers
and disadvantages accompanying the waiver of the right to counsel and decision to
self-represent.  Faretta, 422 U.S. at 835, 95 S. Ct. at 2541;
Hatten, 71 S.W.3d at
333.  Such a decision, to be
constitutionally effective, must be made competently, voluntarily, knowingly,
and intelligently.  Godinez v. Moran, 509 U.S. 389, 400–01, 113 S. Ct.
2680, 2687 (1993); Faretta,
422 U.S. at 834–36, 95 S. Ct. at 2541; Collier v. State, 959 S.W.2d 621, 625 (Tex. Crim.
App. 1997).  Here, neither party raises
the issue of competence.  The decision is
made voluntarily if it is uncoerced.  Collier, 959 S.W.2d at 626.  The decision is made knowingly and
intelligently if made with a full understanding of the right to counsel, which
is being abandoned, as well as the dangers and disadvantages of
self-representation.  Id.  

B.      Analysis

Appellant argues his waiver was
involuntary because the trial court forced him to choose between representing
himself or using counsel already appointed. 
Appellant asserts the trial court should have appointed new counsel or
at least inquired into the reasons behind his request for new counsel.  An indigent defendant’s right to counsel does
not compel the trial court to appoint counsel agreeable to the accused.  Carroll
v. State, 176 S.W.3d 249, 256 (Tex. App.—Houston [1st Dist.] 2004, pet.
ref’d) (citing King v. State,
29 S.W.3d 556, 566 (Tex. Crim. App. 2000)). 
Likewise, a defendant may not manipulate the right to counsel so as to
obstruct the orderly procedure in the court or interfere with the fair
administration of justice and must, in some circumstances, yield to the general
interest of prompt and efficient justice.  Id. 
A defendant is not entitled to his personal choice of appointed counsel,
therefore he is required to accept the attorney appointed by the trial court
unless (1) defendant waived his right to counsel and chose to represent himself
or (2) defendant adequately demonstrated why appointment of new counsel was
necessary.  Id.

Appellant had the burden to justify
appointment of new counsel, but nothing in the record indicates his reasons for
requesting a change.  See id. 
The record also contains no evidence of coercion.  Appellant therefore cannot show his decision
to self-represent was involuntary.  See Collier, 959 S.W.2d at 626.  Additionally, the trial court admonished
appellant and made all necessary inquiries to demonstrate a constitutional
waiver of the right.  The trial court
explained that appellant would not receive special treatment and would be
expected to know rules of procedure and evidence like a lawyer.  The trial court detailed the charged offense
and the range of punishments emphasizing the severity of the consequences.  The trial court also repeatedly asked whether
appellant understood and had appellant sign a written version of the
warnings.  The record shows appellant’s
decision to proceed pro se was knowing, intelligent, and voluntary.  See
Collier, 959 S.W.2d at 626.  We
overrule appellant’s first issue.  

Sufficiency of the Evidence

          In
his second and third issues, appellant argues the evidence was legally and
factually insufficient to show his knowing possession of the firearm.  

          A.      Elements
of the Offense

          To
prove a defendant is a felon in possession of a firearm, the State must
establish the accused was previously convicted of a felony offense and
possessed a firearm after the conviction and before the fifth anniversary of
his release from confinement at any location other than the premises at which
the person lives.    See Tex. Pen. Code Ann.
§ 46.04(a)(2) (Vernon Supp.
2010); James v. State, 264 S.W.3d
215, 218 (Tex. App.—Houston [1st Dist.] 2008, no pet.).  Possession is a voluntary act if the
possessor knowingly obtains or receives the thing possessed or is aware of his
control of the thing for a sufficient time to permit him to terminate his
control.  See Tex. Pen. Code. Ann. §
6.01(b) (Vernon 2003); James, 264
S.W.3d at 218.

          If the firearm is not found on the defendant or is not in
his exclusive possession, the evidence must affirmatively link him to the
firearm.  James, 264 S.W.3d at 218–19. 
An affirmative link demonstrates that the defendant was conscious of his
connection with the weapon and knew what it was.  Id. at
219.   Factors that may establish an
affirmative link include: (1) the firearm was in plain view; (2) the defendant
was the owner of the car in which the firearm was found; (3) the defendant was
the driver of the car in which the firearm was found; (4) the defendant was in
close proximity and had ready access to the firearm; (5) the firearm was found
on the same side of the car as the defendant; (6) firearm was found on the
defendant; (7) the defendant attempted to flee; (8) conduct by the defendant
indicated a consciousness of guilt, including extreme nervousness or furtive
gestures; (9) the defendant had a special connection or relationship to the firearm;
(10) the place where the firearm was found was enclosed; (11) occupants of the
automobile gave conflicting statements about relevant matters; and (12)
affirmative statements connect the defendant to the firearm, including
incriminating statements made by the defendant when arrested.  Id.  The number of factors present is not as
important as the logical force of the factors in establishing the elements of
the offense.  Id.    

          B.      Standard of Review

In his
second and third issues, appellant argues the evidence was legally and
factually insufficient to show his knowing possession of the firearm.  When evaluating the sufficiency of the
evidence, we view the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Drichas
v. State, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005).  The standard of review articulated in Jackson v. Virginia applies to both
legal and factual sufficiency challenges to the elements of a criminal
offense.  See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; see Brooks v. State, PD-0210-09, 2010 WL
3894613, at *14, 21–22 (Tex. Crim. App. Oct. 6, 2010); see also Ervin v. State, No. 01-10-00054-CR, 2010 WL 4619329, at
*2–4 (Tex. App.—Houston [1st Dist.] Nov. 10, 2010, no pet. h.) (construing
majority holding in Brooks).  We are permitted to consider all evidence in
the trial-court record, whether admissible or inadmissible, when making a
sufficiency determination.  See Powell
v. State, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006) (citing Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999)).  We do not
resolve any conflicts of fact, weigh any evidence, or evaluate the credibility
of any witnesses, as this is the function of the trier of fact.  See
Dewberry, 4 S.W.3d at 740.

C.      Analysis

Appellant
argues the State’s only evidence of knowing possession is inadmissible.  Appellant asserts that Officer Wackman
arrested him for driving without insurance, questioned him without first
warning him of his rights, and that questioning established the only link
between appellant and the gun.  Both the
gun and appellant’s statements were admitted without objection at trial.  Regardless, in a sufficiency review we
consider all the evidence, whether admissible or inadmissible, and appellant’s
statements demonstrate his knowledge of the gun.  See
Powell, 194 S.W.3d at 507.  

Even
without his admissions, the State provided evidence for six of the eleven
factors listed above to demonstrate an affirmative link between appellant and
the gun.  Officer Reinert testified the
gun was in plain view sticking out from underneath the seat as he stood next to
the open driver’s side door.  Officer
Wackman testified that he would have searched the car incident to arrest even without
appellant’s statements.  Appellant owned,
drove, and was the only occupant of the car. 
Appellant was in close proximity to the gun under his seat and Officer Reinert
testified the driver could have accessed the gun.  The gun was found on the same side as
appellant and the car was enclosed.  The
State does not need to show all the factors to establish an affirmative link as
long as the logical force of the evidence demonstrates knowledge.  See James,
264 S.W.3d at 219.  

Appellant
further argues that that no latent fingerprints on the gun were suitable for
identification.  The fact that the State
could not match appellant’s fingerprints to a latent fingerprint from the gun
does not make the remaining evidence insufficient.  See id.
at 221.  Appellant also asserts Officer
Wackman contradicted himself at trial by testifying that he arrested appellant
but then confirmed appellant was wanted under a valid warrant.  We do not agree that Officer Wackman’s
testimony was contradictory, but regardless this Court does not determine the
Officer’s credibility as a witness.  See Dewberry, 4 S.W.3d at 740.  We conclude the State submitted sufficient
evidence that a rational trier of fact could have found defendant knowingly
possessed the firearm beyond a reasonable doubt.  See Drichas,
175 S.W.3d at 798.  We overrule
appellant’s second and third issues.          

Jury Charge Error

          In his fourth issue, appellant argues the trial court had a
duty to include an instruction in the jury charge on the admissibility of his
statements to Officer Wackman and the trial court erred by not including such
an instruction.  

          A.      Standard
of Review

          We
review claims of jury charge error by first determining whether error
occurred.  Sakil v. State, 287 S.W.3d 23, 25 (Tex. Crim. App. 2009).  If so, we then evaluate whether sufficient
harm resulted so as to require reversal. 
See id. at 25–26.  If the defendant did not object at trial, we
reverse only if the error was so egregious and created such harm that the
defendant did not receive a fair and impartial trial.  Id. at
26.  

          B.      Charge Error under Article 38.22 

Appellant contends that nothing in
the record indicates he was given warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966), and article 38.22 of the Code of
Criminal Procedure at the time of his arrest. 
See Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 2005).  Therefore, he argues his statements in
response to Officer Wackman’s questions after his arrest raise a voluntariness
issue under article 38.22.  Appellant,
acting pro se, did not request such an instruction, but he asserts the trial
court should have sua sponte included
one as law applicable to the case.[2]  

A statement of an accused may be used
as evidence against him if it appears that it was freely and voluntarily made
without compulsion or persuasion.  See Tex.
Crim. Proc. Ann. art. 38.21 (Vernon 2005).  Article 38.22 of the Code of Criminal
Procedure governs the admissibility of an accused’s written and oral statements
while under custodial interrogation.  See Tex.
Code Crim. Proc. Ann. art. 38.22; Oursbourn v. State, 259 S.W.3d 159, 171 (Tex. Crim. App.
2008).  When a challenge is raised under
article 38.22, a “general” voluntariness instruction may be appropriate.  Id. at 174.  The types of “general” instructions that may
be appropriate include an article 38.22, section 6, voluntariness instruction and
a section 7 instruction regarding the warnings required to be given by law
enforcement.[3]   Id.
at 173.  It is the defendant’s
responsibility to delineate which type of involuntariness he is claiming so
that the trial court can determine the appropriate instruction. [4]  Id. at 174.

A trial court has the absolute duty
to prepare a jury charge that accurately sets out the law applicable of the
case.  See Tex. Crim. Proc. Ann. art. 36.14 (Vernon
2007); Oursbourn,
259 S.W.3d at 179.  When a statute, such as article 38.22,
requires an instruction under certain circumstances, that instruction is “law
applicable to the case.”  Oursbourn, 259 S.W.3d at 180.  The trial court must give the instruction for
law applicable to the case regardless of whether it has been specifically
requested.  Id. at 179–80.  However, if the defendant did not request such
instruction, we review the effect of the instruction’s omission under the Almanza
egregious harm standard.  See id.
at 182 (citing Ellison v. State,
86 S.W.3d 226, 228 (Tex. Crim. App. 2002)); see also Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1985).                   

1)      38.22, Section 6: General Voluntariness

Article 38.22, section 6 is triggered
when a question is raised as to the voluntariness of the statements.
Oursbourn, 259 S.W.3d at
175.  A question is raised when a party
notifies the trial court or the trial court raises the issue itself.  Id.  The procedure for a section 6 challenge is as
follows: (1) a party notifies the trial court that there is an issue about the
voluntariness of the statement, or the trial court raises the issue sua sponte; (2) the trial court holds a
hearing outside the presence of the jury; (3) the trial court decides whether
the confession was voluntary and makes written findings of fact and conclusions
of law in support of the ruling; (4) if the trial court decides that the
confession was voluntary, it will be admitted, and a party may offer evidence
before the jury contesting voluntariness; 
(5) if such evidence is offered before the jury, the trial court shall
give the jury a voluntariness instruction. 
See id. at 175 n.55.  Only after the trial court is notified, or
raises the voluntariness issue on its own, does the chain of other requirements
come into play culminating in the defendant’s right to a jury instruction.  Id. at
175.

The section 6 analysis is triggered
after a question is raised by either a party or the trial court.  Id..  A defendant should raise the issue in a
motion to suppress or an objection in open court in order to notify the trial
court.  See, e.g., Montoya v. State,
Nos. 02-08-00287-CR, 2010 WL 1633387, at *6 (Tex. App.—Fort Worth Apr. 22,
2010, pet. ref’d, untimely filed) (holding trial objection to voluntariness
raised question under section 6); Redd v.
State, No. 14-08-01089, 2009 WL 4810190, at *3 (Tex. App.—Houston [14th
Dist.] Dec. 15, 2009, pet. ref’d) (holding appellant chose not to pursue motion
to suppress so no section 6 instruction required); Fuentes v. State, No. 01-09-00119-CR, 2009 WL 4359065, at *13 (Tex.
App.—Houston [1st Dist] Dec. 3, 2009, pet. ref’d) (mem. op., not designated for
publication) (holding pretrial motion to suppress raised question under section
6); Gomez v. State, No.
01-08-00251-CR, 2009 WL 1688233, at *10 (Tex. App.—Houston [1st Dist.] June 18,
2009, no pet.) (mem. op., not designated for publication) (holding trial court
raised issue by sua sponte including
section 6 instruction). Here, neither the trial court nor the parties raised
the issue of voluntariness, so the trial court did not have a duty to include a
section 6 instruction in the jury charge. 
See Oursbourn, 159 S.W. 3d at
175.

2)      38.22, Section 7: Compliance
with Statutory Warnings

Section 7 applies the same procedures
as section 6.  Id. at 176.  However, a section
6 challenge is triggered when a question is
raised by a party or the trial court regarding voluntariness.  A section 7 challenge is triggered when the evidence raises an issue regarding
compliance with statutory warnings and whether the defendant knowingly and
intelligently waived his rights.  See Tex.
Code Crim. Proc. Ann. art. 38.22, §§ 2–3; Oursbourn, 259 S.W.3d at 175.  The evidence raises an issue if there is a
“genuine factual dispute.”  Id. at 176.  A genuine factual dispute derives only from
affirmative evidence.  See Soffar
v. State, AP-75-363, 2009 WL 3839012, at *30 (Tex. Crim. App. Nov. 18, 2009)
(mem. op., not designated for publication) (holding testimony was not
affirmatively contested so no section 7 factual dispute existed); see Gomez, 2009 WL 1688233, at *11 (holding cross-examination questions are
not affirmative evidence).  Mere argument
or implication by counsel does not suffice to create a fact issue triggering a
section 7 instruction to the jury.  Gomez, 2009 WL 1688233, at *11.  

          Officer
Wackman testified that he arrested appellant for driving without insurance and
then asked him if there was anything in the car.  No evidence was presented whether or not
officers read appellant his statutory rights after his arrest.  Without affirmative evidence, there was no
factual dispute for the jury to resolve.[5]   See
Soffar, 2009 WL 3839012, at *30. 
Without a factual dispute, the trial court had no duty to include a
section 7 instruction in the jury charge. 
See Gomez, 2009 WL
1688233, at *11.  Neither section 6 nor section 7 apply in this
case, therefore, the trial court had no sua
sponte duty to include a voluntariness instruction and did not err by
failing to include one.  See Oursbourn,
259 S.W.3d at 180.  We overrule appellant’s fourth issue.   

Reformation of Judgment

Finally, we note that the trial
court’s judgment does not accurately comport with the record in that it states
appellant appeared in person with counsel. An appellate court has authority to
reform a judgment to include an affirmative finding to make the record speak
the truth when the matter has been called to its attention by any source.  See Tex. R. App. P. 43.2(b); French v. State, 830 S.W.2d 607, 609
(Tex. Crim. App. 1992) (citing Asberry v.
State, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref’d); accord Nolan v. State, 39 S.W.3d 697,
698 (Tex. App.—Houston [1st Dist.] 2001, no pet.).  The record reflects that appellant knowingly,
intelligently and voluntarily waived the right to counsel in writing through
his signed Faretta warnings and
orally by the trial court.  The court
asked appellant’s appointed attorney to serve as stand-by counsel, but appellant
represented himself.  Accordingly, we
modify the trial court’s judgment to uncheck that box next to “Defendant
appeared in person with Counsel,” and check the box next to “Defendant
knowingly, intelligently, and voluntarily waived the right to representation by
counsel in writing in open court.”  

 

Conclusion

          As modified, we affirm the judgment
of the trial court.

          

 

                                                          Laura
Carter Higley                                                                                             Justice 

 

Panel
consists of Chief Justice Radack, Justice Higley, and Justice Massengale.

 

Do not publish.   Tex. R. App. P. 47.2(b). 











[1]           See Tex.
Penal Code Ann. § 46.04(a) (Vernon Supp. 2010).

 





[2]           We
presume without deciding that appellant’s statements were made during a custodial
interrogation.  See Aldaba v. State, No. 14-08-00417-CR, 2009 WL 1057685, at *4
(Tex. App.—Houston [14th Dist] Apr. 16, 2009, pet. ref’d).  

 





[3]           The
statutory warnings encompass those required by Miranda and include the right to remain silent, any statements can
be used against the accused, the right to an attorney prior and during
questioning, the right to have an attorney appointed, the right to terminate an
interview, and the requirement that a waiver of these rights must be knowing,
intelligent, and voluntary.  See Tex.
Crim. Proc. Ann. art. 38.22 §§ (2)–(3) (Vernon 2005).

 





[4]           Appellant
never raised voluntariness to the trial court and fails to specify on appeal which
section of 38.22 applies.  We address
both sections 6 and 7.





[5]           Appellant,
acting pro se, made one reference to his statements in his opening saying,
“Well, the facts of the matter is, the day I was stopped, they said that I made
a statement that the gun was in the car. 
I never had knowledge of the gun being in the car.”  Appellant said nothing about his article
38.22 rights.