Robert JAMES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–06–00496–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 24, 2008.

Discretionary Review Refused
Aug. 20, 2008.

Danny Karl Easterling, Easterling & Easterling, P.C., Houston, for Appellant.

Robert James, Houston, pro se.

Bridget Holloway, Assistant District Attorney–Harris County, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, Robert James, appeals from a judgment convicting him for the offense of being a felon in possession of a firearm for which he was sentenced to ten years in prison and a $1,000 fine. *See* Tex. Pen. Code Ann. § 46.04(a)(1) (Vernon 2007). Appellant pleaded not guilty and not true to a punishment enhancement paragraph. The jury found appellant guilty and determined his sentence after it found true the conviction used to enhance punishment. In three points of error, appellant contends that the evidence is legally and factually insufficient, and that the trial court erred by allowing the State to improperly cross-examine him. We conclude the evidence is legally and factually sufficient and the challenge concerning the State's cross-examination does not warrant reversal of the conviction. We affirm the judgment of the trial court.

## Background

Houston Police Department Officers Shurbet and Rodriguez were working a high crime area near the streets of Antoine and Tidwell on January 14, 2006 at about 7:55 p.m. Officer Shurbet saw a blue Lincoln Town Car parked at an angle across a handicapped parking space in a gas station parking lot. Officer Shurbet saw two people, later identified as appellant and Douglas Brown, get into the Town Car. As the Town Car drove from the parking lot, the officers' computer revealed that the plate on the Town Car was ex-

pired, and that it was registered to Brown, the driver. The officers stopped the car for traffic violations after Officer Shurbet saw the car change lanes without signaling and make a turn without signaling.

As Officer Shurbet approached the rear passenger door of the Town Car, which was illuminated by the patrol car's spotlight, he saw appellant in the passenger seat leaning forward in the seat and looking over his left shoulder to watch Officer Rodriguez approach on the driver's side of the car. As Officer Shurbet reached the passenger side door, he saw appellant's right hand in a gesture that appeared as though something was being placed beneath the seat. Officer Rodriguez also saw appellant bending down.

Appellant and Brown got out of the car at the request of the officers. Officer Shurbet asked appellant several times to place his hands on the car, but appellant did not fully comply, only "halfway" placing his hands on the car. Each of the officers saw appellant looking around in a manner that appeared as though he was looking for a place to run.

After placing appellant in the patrol car for the safety of the officers, Officer Shurbet returned to the Town Car, where he found a black revolver under the passenger seat within inches of where appellant's legs had been and within appellant's easy reach. The gun was loaded with six shells. Appellant was arrested for possession of the weapon, and the driver was arrested for the traffic violations because he had no identification. The gun was submitted for latent fingerprint examination, which revealed one partial latent print that came from the cylinder of the weapon, but the print had insufficient detail to make an identification.

At trial, appellant testified that on the evening of the traffic stop, he ran into Brown at the gas station and got into Brown's car to get a ride to a friend's house that was two blocks away. Realizing that he did not have a seatbelt on, appellant said that he reached down to his lap, got the buckle and strapped on the belt. Appellant denied reaching down to the floor. Appellant acknowledged that he was nervous and looking around when he got out of the car at the officer's request but denied that he tried to run or resist arrest. Appellant explained that his nervous behavior was due to his consumption of marijuana earlier in the day. Appellant denied possession of the gun.

## Sufficiency of the Evidence

Appellant challenges the sufficiency of the evidence to establish felon in possession of a firearm. Appellant does not challenge the evidence relating to his prior conviction; rather, his challenge only concerns the affirmative links between him and the weapon.

## A. Affirmative Links

To establish unlawful possession of a firearm by a felon, the State must show that the accused was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of his release from confinement or from community supervision, parole, or mandatory supervision, whichever date is later. TEX. PEN.CODE ANN. § 46.04(a)(1); *Hawkins v. State*, 89 S.W.3d 674, 677 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control. TEX. PEN.CODE ANN. § 6.01(b) (Vernon 2007); *Hawkins*, 89 S.W.3d at 677.

■■■ If the firearm is not found on the defendant or is not in his exclusive posses-

sion, the evidence must affirmatively link him to the firearm. *Bates v. State*, 155 S.W.3d 212, 216–17 (Tex.App.-Dallas 2004, no pet.); *see also Hawkins*, 89 S.W.3d at 677. The State may establish possession by proving an "affirmative link," which demonstrates that the defendant was conscious of his connection with the weapon and knew what it was. *Hawkins*, 89 S.W.3d at 677. Factors that may establish an affirmative link include whether: (1) the contraband was in plain view; (2) the defendant was the owner of the car in which the contraband was found; (3) the defendant was the driver of the car in which the contraband was found; (4) the defendant was in close proximity and had ready access to the contraband; (5) the contraband was found on the same side of the car as the defendant; (6) contraband was found on the defendant; (7) the defendant attempted to flee; (8) conduct by the defendant indicated a consciousness of guilt, including extreme nervousness or furtive gestures; (9) the defendant had a special connection or relationship to the contraband; (10) the place where the contraband was found was enclosed; (11) occupants of the automobile gave conflicting statements about relevant matters; and (12) affirmative statements connect the defendant to the contraband, including incriminating statements made by the defendant when arrested. *Bates*, 155 S.W.3d at 216–17; *see also Hawkins*, 89 S.W.3d at 677; *Corpus v. State*, 30 S.W.3d 35, 38 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd); *Gilbert v. State*, 874 S.W.2d 290, 298 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd). The evidence used to satisfy these elements can be either direct or circumstantial. *Hawkins*, 89 S.W.3d at 677. The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense. *Bates*, 155 S.W.3d at 217; *Hawkins*, 89 S.W.3d at 677. The absence of various affirmative links does not constitute evidence of innocence to be weighed against the affirmative links present. *Hernandez v. State*, 538 S.W.2d 127, 131 (Tex.Crim.App.1976).

## B. Legal Sufficiency

In his first issue, appellant contends that the evidence is legally insufficient to show that he knowingly possessed the firearm.

 In a legal-sufficiency review, we consider the entire trial record to determine whether, viewing the evidence in the light most favorable to the verdict, a rational jury could have found the accused guilty of all essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex.Crim.App.2005); *McClesky v. State*, 224 S.W.3d 405, 409 (Tex.App.-Houston [1st Dist.] 2006, pet. ref'd). In conducting our review of the legal sufficiency of the evidence, we do not reevaluate the weight and credibility of the evidence but ensure only that the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex.Crim.App. 1993).

 Appellant contends the evidence is insufficient to link him to the firearm because no one saw him handle the gun; he testified it was not his gun; no matching fingerprint was found on either the gun or the bullets; the gun was not in plain view; he was only in the car for a short period of time; he did not possess other contraband; he did not flee; he could have been moving around for reasons other than to push a gun under the seat; he did not own the vehicle; and the place where the gun was found was not enclosed.

Viewing the evidence in a light most favorable to the jury's verdict, the record

shows appellant was in close proximity to the weapon, which was located within inches of his legs and within easy reach. Other circumstances show that appellant was nervously looking around in a manner that made the officers believe he was going to attempt to flee. Further, appellant was seen gesturing as though he was placing something under the seat. A rational jury could have found these circumstances sufficient to show appellant's knowing possession of the firearm. *See Nguyen v. State,* 54 S.W.3d 49, 52 (Tex.App.-Texarkana 2001, pet. ref'd). We hold that the evidence is legally sufficient to support the jury's finding. We overrule appellant's first issue.

## C. Factual Sufficiency of the Evidence

Appellant contends in his second issue that the evidence is factually insufficient to establish that he knowingly possessed the firearm.

■■■■ When conducting a factual-sufficiency review, we view all of the evidence in a neutral light. *Ladd v. State,* 3 S.W.3d 547, 557 (Tex.Crim.App.1999). We will set the verdict aside only if (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust or (2) the verdict is against the great weight and preponderance of the evidence. *Johnson v. State,* 23 S.W.3d 1, 11 (Tex.Crim.App.2000). Under the first prong of *Johnson,* we cannot conclude that a conviction is "clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence admitted, we would have voted to acquit had we been on the jury. *Watson v. State,* 204 S.W.3d 404, 417 (Tex.Crim.App.2006). Under the second prong of *Johnson,* we cannot declare that a conflict in the evidence justifies a new trial simply because we disagree with the jury's resolution of that conflict. *Id.* Before finding that evidence is factually insufficient to support a verdict under the

second prong of *Johnson,* we must be able to say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's verdict. *Id.* In conducting a factual-sufficiency review, we must also discuss the evidence that, according to the appellant, most undermines the jury's verdict. *See Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim.App.2003).

■■■■ A jury is in the best position to evaluate the credibility of witnesses, and we are required to afford "due deference" to the jury's determinations. *Marshall v. State,* 210 S.W.3d 618, 625 (Tex.Crim.App. 2006). It is within the jury's province to determine witness credibility. *See Cain v. State,* 958 S.W.3d 404, 408–09 (Tex.Crim. App.1997). Here, it was within the jury's province to disbelieve appellant's testimony, including his denial that he possessed the gun and that his nervousness was due to his earlier consumption of marijuana rather than consciousness of guilt for possession of the weapon. *See id.*

■■■■ Appellant points to evidence that Brown owned the car; appellant was in the car for only two blocks; Brown immediately pulled over for the officers without delaying to give appellant time to hide anything; appellant was not seen holding the firearm; no evidence of fingerprints linked him to the firearm; and appellant testified he leaned forward in his seat to buckle his seatbelt. Although these are circumstances that do not link appellant to the weapon, other circumstances show that he knowingly possessed the firearm. The firearm was located within inches of appellant's legs, in easy reach, in a place where he was seen reaching as he leaned forward in the seat. The gesture appeared to the officers as though appellant was putting something beneath the seat. The officers stated that appellant was nervous and seemed as though he wanted to flee from

the officers. These circumstances are sufficient for the jury to infer that appellant knowingly possessed the firearm that was found near his feet. *See Hernandez*, 538 S.W.2d at 131 (holding that absence of certain affirmative links "is not evidence of appellant's innocence to be weighed against the evidence tending to connect appellant to the [contraband]").

Appellant contends the determination that the evidence was factually insufficient in *Nguyen* compels that same holding here because of the similarities between the circumstances. *See Nguyen*, 54 S.W.3d at 51–52. Appellant is correct that many similarities exist between his situation and the appellant in *Nguyen*. *See id.* In both cases, the defendant was the front passenger in a car stopped for a traffic violation; the defendant was seen reaching towards the place where the gun was found; the car was not registered to the defendant; the defendant was in the car for a minimal period of time while it drove a short distance; the defendant was not seen handling the gun; no matching fingerprints were obtained from the gun; and circumstances suggested the defendant had consciousness of guilt. The circumstances showing consciousness of guilt were that Nguyen feigned being asleep when the officer saw him awake, and here, that appellant seemed nervous and looked around as if he wanted to flee. *See id.*

Although the circumstances in *Nguyen* are similar to the ones here, one material difference that is not present in *Nguyen* is highly probative of appellant's knowing possession of the firearm. Here, the firearm was within inches of appellant's feet, in a place that was easily accessible to him, and in a position where he was seen reaching, in a manner that appeared as though he was placing something beneath the seat. Although Nguyen was also seen reaching towards the place where the gun was found, that weapon was less accessible to Nguyen due to its location under a removable back seat behind the driver and testimony was presented about the difficulty of reaching it from Nguyen's position. *See id.* at 52. Here, the easy accessibility of the gun, combined with appellant's gesture towards it, his nervousness, and his behavior suggesting an intent to flee, are sufficient circumstances to warrant a determination that the evidence is factually sufficient.

We conclude that the evidence is not so weak that the verdict is clearly wrong and manifestly unjust, and there is no basis in the record for a determination that the great weight and preponderance of the evidence contradicts the jury's verdict. *See Watson*, 204 S.W.3d at 417. We hold the evidence is factually sufficient. We overrule appellant's second issue.

## Admission of Evidence

In his third issue, appellant contends that the trial court erred by allowing the State to question appellant "as to what another person would have said if called as a witness." Appellant points to two comments by the prosecutor during cross-examination.

### A. Comment Regarding What Driver Would Say

Appellant challenges the State's cross-examination question to him that asked whether the driver of the car, Brown, "would be able to say that that wasn't your gun." Appellant's trial counsel objected that the question called for speculation. The trial court overruled the objection, allowing the question. Appellant then responded, "I mean I can't control another individual. I can't predict what they'll say so I really couldn't tell you, sir." Appellant contends that he was harmed by the ruling because the main issue in the case

222

came down to whether the circumstantial evidence, consisting of proximity and movement, outweighed his testimony. *See id.*

 To determine whether the erroneous admission of evidence merits reversal, we look to Rule 44.2(b) of the Rules of Appellate Procedure, governing nonconstitutional error in criminal cases. *See* TEX.R.APP. P. 44.2(b); *Johnson v. State*, 43 S.W.3d 1, 5 (Tex.Crim.App.2001). The judgment must be reversed if the error affected the accused's substantial rights. *See* TEX.R.APP. P. 44.2(b); *Johnson*, 43 S.W.3d at 5. Error affects a substantial right when it has a substantial and injurious effect or influence in determining the jury's verdict. *Johnson*, 43 S.W.3d at 3–4. An erroneous evidentiary ruling is harmless when other evidence on the same matter is admitted without objection from appellant. *Saldano v. State*, 232 S.W.3d 77, 102 (Tex.Crim.App.2007, pet.filed); *Leday v. State*, 983 S.W.2d 713, 717–18 (Tex. Crim.App.1998).

Assuming the court erred by overruling the objection, the same information was admitted without any objection by appellant. Without objection, appellant was asked whether the driver was surprised when the gun was taken out of the driver's car, and appellant answered, "I don't know what he was thinking, sir. That's something you would have to ask him." Appellant's unobjected-to testimony related that appellant did not know what Brown, the driver, was thinking and that only Brown could say whether Brown was surprised by the seizure of the gun found in the car. This is the same information that appellant contends was erroneously allowed by the trial court. Because the same evidence was introduced without objection, any error in the trial court's ruling to allow the evidence was rendered harmless. *See id.*

**B. Comment Implying that Appellant Was Obligated to Bring Brown to Testify**

Appellant also contends that the State implied that it was appellant's obligation to bring Brown to testify. After appellant answered, "That's something you would have to ask [Brown]," the State responded, "We would have that chance if your friend was here. Wouldn't we, Mr. James?" The State contends that error, if any, is waived because appellant did not object to this statement by the prosecutor. An appellant must object, or he waives error. TEX.R.APP. P. 33.1(a); *Steadman v. State*, 31 S.W.3d 738, 741 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd) (citing *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim.App.1991)). We hold that appellant waived error by failing to object to the State's question. *See Steadman*, 31 S.W.3d at 741. We overrule appellant's third issue.

**Conclusion**

We affirm the trial court's judgment.