**Opinion issued August 31, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00405-CR

———————————

**WILLIE WENDELL ZENO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 125436501010[1]**

---

## MEMORANDUM OPINION

Willie Wendell Zeno was convicted by a jury of possession of cocaine.[2]

---

[1]    Although we question its accuracy, we will nevertheless use the trial court case number identified in the judgment.

After finding two prior felony conviction enhancements to be true, the court assessed punishment at twenty-five years' confinement. In his sole issue on appeal, Zeno contends that the evidence is legally insufficient to support his conviction. We modify the judgment to correct typographical errors and, as modified, affirm.

## Background

Houston Police Department patrol officer G. Tabor spotted two men in a parked car at a gas station. The car remained parked for two or three minutes during which time neither man attempted to pump gas or enter the convenience store. Approaching for a closer look with his flashlight, Tabor saw a plastic bag containing a white substance that appeared to be cocaine on top of a small digital scale in the center console between the two men. The passenger (Zeno) was hunched over the console and appeared to be staring down at the scale and bag.

Upon seeing the officer, the driver grabbed the bag off the scale and attempted to swallow it. Tabor immediately pulled the driver from the car and placed him under arrest. Thereafter, as Tabor placed Zeno under arrest, he heard the driver choking and gagging, "like he was having trouble swallowing" and then found a plastic bag covered in blood and saliva on the ground where the driver's

---

[2] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D) (stating cocaine is in penalty group 1), 481.115(c) (stating possession of one or more but less than four grams of penalty group 1 substance is third-degree felony) (West 2010).

2

head had been. The bag was later determined to contain 2.7 grams of cocaine. Officer Tabor searched both men and the car, but found no weapons or additional contraband.

## Discussion

Zeno's sole issue on appeal contends that because the evidence only established his mere presence in the vehicle where the cocaine was found, the evidence is legally insufficient to support his conviction for possession of a controlled substance—either as the principal actor or as a party to the driver's offense.

### *Standard of Review*

We view the sufficiency of the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact-finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Rather, we ensure that the jury reached a rational decision. *Green v. State*, 350 S.W.3d 617, 621 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (citing *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993)).

"A reviewing court's duty, however, does require it to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime that was charged." *Williams*, 235 S.W.3d at 750; *see also Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001) (holding that State must prove allegations set out in charging instrument beyond reasonable doubt) (citing *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073 (1970) ("[T]he Due Process Clause protects the accused against conviction except upon *proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.*") (emphasis added)). If we determine, upon reviewing the record under the *Jackson* standard, that "a rational jury would necessarily entertain a reasonable doubt as to the defendant's guilt, the due process guarantee requires that we reverse and order a judgment of acquittal." *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003) (en banc); *see Jackson*, 443 U.S. at 317–19, 99 S. Ct. at 2788–89.

***Law Regarding Possession of a Controlled Substance***

To prove unlawful possession of a controlled substance, "the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *see also* TEX. HEALTH &

SAFETY CODE ANN. § 481.002(38) (West 2010) ("'Possession' means actual care, custody, control, or management.").

Possession need not be exclusive. *Evans*, 202 S.W.3d at 162. When the accused is not in exclusive possession of the place where the controlled substance is found, then additional, independent facts and circumstances must affirmatively link the accused to the substance in such a way that it can reasonably be concluded that the accused possessed the substance and had knowledge of it. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005); *Kibble v. State*, 340 S.W.3d 14, 18 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). In other words, whether direct or circumstantial, the evidence "must establish, to the requisite level of confidence, that the accused's connection with the [contraband] was more than just fortuitous." *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

Links that may circumstantially establish the sufficiency of the evidence to prove knowing possession include: (1) the defendant's presence when a search is conducted; (2) whether the substance was in plain view; (3) the defendant's proximity to and the accessibility of the substance; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an

odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the substance was found; (12) whether the place where the substance was found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12.

Not all of these factors must be proven in order to establish possession; rather, it is the cumulative logical force the existing factors have in proving possession that we must consider. *See James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd); *Roberson v. State*, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). In doing so, we must bear in mind that the absence of some of these factors is not evidence of innocence that must be weighed against the factors that are present. *James*, 264 S.W.3d at 219; *see also Roberson*, 80 S.W.3d at 735. Whether sufficient facts and circumstances exist to affirmatively link a defendant to illegal contraband is determined on a case-by-case basis. *See Roberson*, 80 S.W.3d at 736; *see also Allen v. State*, 249 S.W.3d 680, 692 n.13 (Tex. App.—Austin 2008, no pet.) (explaining that affirmative-link doctrine "is a judicially devised standard to aid appellate courts in determining the legal sufficiency of the evidence in knowing possession of contraband cases" and not a "litmus test").

*Analysis*

Zeno argues that his mere presence in the vehicle where the cocaine was found is insufficient to demonstrate that he knowingly possessed the cocaine, particularly in light of the driver's frantic attempt to swallow it. The evidence here, however, establishes more than mere presence: Zeno was observed hunched over a digital scale and a plastic bag of cocaine in the passenger seat of a vehicle parked in a high narcotics trafficking area, the cocaine was in plain view, and in very close proximity to him. Such evidence supports a reasonable inference that Zeno knew of the cocaine's existence and exercised control over it, even in light of the fact that the driver was also in possession of the cocaine. *See Poindexter*, 153 S.W.3d at 412 ("The mere fact that a person other than the accused might have joint possession of the premises does not require the State to prove that the defendant had *sole* possession of the contraband, only that there are affirmative links between the defendant and the drugs such that he, too, knew of the drugs and constructively possessed them.").

Zeno relies primarily upon two cases in which this Court and the Austin Court of Appeals concluded that the evidence was legally insufficient to support a drug possession conviction. *See Roberson*, 80 S.W.3d 730; *Allen*, 249 S.W.3d 680. Both, however, are distinguishable.

7

*Roberson* began as a routine traffic stop of the vehicle defendant was driving *Roberson*, 80 S.W.3d at 733. Approximately twenty minutes after the defendant was removed from the car, the officer found cocaine on the person riding in the front passenger seat as well as on the ground near the passenger side door; he also found two bottles of PCP on the person riding in the backseat. *Id.* at 734, 742. This Court noted that the only evidence linking the defendant to the contraband was the fact that he was driving the vehicle, the front-seat passenger was his cousin, and he attempted to dissociate himself from the other passenger. Although suspicious, the logical force of these factors was insufficient to allow a rational juror to find, beyond a reasonable doubt, that the defendant had knowledge of the presence of the controlled substance. *Id.* at 742. Unlike *Roberson*, Zeno was present in the vehicle when the cocaine was found, not on another occupant's person, but sitting in plain view in very close proximity to Zeno.

The facts of the *Allen* case are even further afield from Zeno's. In *Allen*, the evidence only established that the defendant was present in an apartment in which she did not reside when cocaine was found secreted throughout the house: in a plastic bag within a closed dog food bag in the dining room; under the kitchen sink; in a kitchen cabinet; and on a platter on top of a refrigerator (the platter only, and not the cocaine, visible to a 6'1" officer). The Austin Court of Appeals held that this evidence was legally insufficient to support a conviction for possession of

8

cocaine.[3]  *Allen*, 249 S.W.3d at 695–97, 703.  Here, the cocaine was in plain view and readily accessible within Zeno's reach, who was seen hunched over the drug.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational jury, after making rational inferences from the evidence, could have found that Zeno exercised control, management, or care over the cocaine beyond a reasonable doubt.

Having determined that the evidence is legally sufficient to support Zeno's conviction as a principal actor, we need not consider the sufficiency of the evidence to support his conviction as a party to the offense.  *See Rabbani v. State*, 847 S.W.2d 555, 558 (Tex. Crim. App. 1992).  We overrule appellant's sole issue.

### Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Higley, Sharp, and Huddle.

Do not publish.  TEX. R. APP. P. 47.2(b)

---

[3]  Although the defendant's fingerprints were found on the bottom of the platter containing cocaine, there was no evidence to suggest when she might have handled the platter.  *Allen v. State*, 249 S.W.3d 680, 695–97, 703 (Tex. App.—Austin 2008, no pet.).  A fingerprint examiner testified that the prints could have been there for up to a year.  *Id.* at 685.

9