# NO. 12-17-00007-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JULIAN LEONARD HAYNES,* *APPELLANT* | § | *APPEAL FROM THE 411TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *POLK COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Julian Leonard Haynes appeals his conviction for possession of marijuana. In a single issue, he contends the evidence is insufficient to support his conviction. We affirm.

### BACKGROUND

On August 25, 2012, Polk County sheriff deputies Vance Berry and Chris Lima responded to a tip that someone at a trailer home was in possession of narcotics. When the deputies arrived, Appellant answered the door. Appellant's brother, Clyde, and a child were also present in the residence. Appellant gave the deputies permission to search his person, and Deputy Lima checked the home for any other persons present. Clyde told the officers that he uses marijuana and that, if they were to search the home, they would find some. Clyde also advised the deputies that the trailer home had two bedrooms that belonged to his mother and brother. Clyde stayed in the living room and kept his clothes in the bathroom. Appellant did not consent to a search of his bedroom. Clyde consented to a search of the living room, but no marijuana was found during that search.

After obtaining a search warrant, the deputies searched the remainder of the home. Several bags of marijuana were found in Appellant's bedroom. One bag was found in a pair of shorts on Appellant's bed. The shorts also had Clyde's driver's license in the pocket. A large

bag of marijuana was found in the top drawer of the dresser. And a shoebox on top of an ironing board contained a scale, several empty bags, and five bags of marijuana. Appellant's work identification badge was underneath the ironing board.

Appellant was later arrested and charged by indictment with possession of marijuana in an amount of five pounds or less but more than four ounces. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. The jury found Appellant "guilty." Following a hearing on punishment, the trial court sentenced Appellant to two years confinement but suspended imposition of the sentence and placed Appellant on community supervision for two years. Appellant filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant contends the evidence is insufficient to support his conviction. Specifically, Appellant argues that the evidence is insufficient to show that he exercised care, custody, control, or management of the marijuana found in his bedroom.

### Standard of Review

In reviewing the sufficiency of the evidence to support a conviction, appellate courts view all of the evidence in the light most favorable to the verdict in order to determine whether a rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899. We give deference to the jury's responsibility to fairly resolve evidentiary conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the accused's guilt. *Id*. "[A]ll of the evidence" includes evidence that was properly and improperly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

### Applicable Law

The Texas Health and Safety Code provides, in relevant part, that "a person commits an offense if the person knowingly or intentionally possesses a usable quantity of marihuana." TEX.

HEALTH & SAFETY CODE ANN. § 481.121(a) (West 2017). If the amount possessed is five pounds or less but more than four ounces, the offense is a state jail felony. *Id.* § 481.121(b)(3).

To prove unlawful possession of a controlled substance, the State must prove the accused (1) exercised care, custody, control or management over the contraband, and (2) knew the matter was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). This evidence, whether direct or circumstantial, must establish that the accused's connection with the drug was more than just fortuitous. *Id*. at 405–06. "Mere presence alone at a place where the contraband is being used or possessed by others does not justify a finding of joint possession, or constitute one a party to an offense." *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). However, presence or proximity, when combined with other evidence, direct or circumstantial, can be sufficient to establish the defendant exercised actual care, custody, or control of the contraband. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). In *Olivarez v. State*, the court summarized the following nonexclusive list of facts or circumstances that have served to connect an accused to contraband:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.). It is not the number of these factors that is dispositive, but rather the logical force of all the evidence, direct and circumstantial, in establishing the elements of the offense. *Evans*, 202 S.W.3d at 162. The issue is whether there was evidence of circumstances adequate to justify the conclusion that the defendant knowingly possessed the substance. *Id*. at 166–67 (Womack, J., concurring).

## Analysis

Several factors link Appellant to the marijuana. First, the record indicates that Appellant resided in the trailer and, therefore, had a right to possess the place where the marijuana was found. *See Olivarez*, 171 S.W.3d at 291. Second, the marijuana was in close proximity to him

3

and was conveniently accessible to him. *See id*. The jury heard testimony that one bag of marijuana was found in a dresser drawer in the room in which Appellant had been staying. The remainder of the marijuana at issue in this case was also found in Appellant's bedroom. Several bags were found in a shoebox on an ironing board in Appellant's room and one bag was found in a pair of shorts on Appellant's bed. Third, Appellant was present when the search was conducted. *See id*. Fourth, the jury heard evidence that other contraband or paraphernalia were present. *See id*. Officers found marijuana scales, sandwich bags, and cloth bags in Appellant's bedroom, which Detective Berry testified is associated with both the personal consumption and distribution of marijuana.

Although not all of the factors are present in this case, the absence of certain links does not constitute evidence of innocence to be weighed against the links that are present. ***James v. State***, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). The logical force of the combined pieces of circumstantial evidence, coupled with reasonable inferences therefrom, is sufficient to establish, beyond a reasonable doubt, that Appellant exercised actual care, custody, control, or management of the marijuana found in Appellant's bedroom. *See* ***Evans***, 202 S.W.3d at 166; *see also* ***Lalonde v. State***, No. 12-16-00070-CR, 2016 WL 6426811, at *4 (Tex. App.—Tyler Oct. 31, 2016, no pet.) (mem. op., not designated for publication). Viewing the evidence in the light most favorable to the verdict, we conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant knowingly or intentionally possessed the marijuana. *See* ***Brooks***, 323 S.W.3d at 899; *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a). Because the evidence is sufficient to support Appellant's conviction for possession of marijuana, we overrule his sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

GREG NEELEY
Justice

Opinion delivered October 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 31, 2017

NO. 12-17-00007-CR

**JULIAN LEONARD HAYNES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 411th District Court

of Polk County, Texas (Tr.Ct.No. 23,987)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*