

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00226-CR

WILLIAM CODY LIGHTFOOT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 12,118, Honorable Dan Mike Bird, Presiding

October 16, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Following a jury trial, William Cody Lightfoot, appellant, was found guilty of the felony offense of unlawful possession of a firearm by a felon.[1] His punishment was assessed at a $10,000 fine and confinement in the Texas Department of Criminal Justice for eight years. Appellant presents three issues for review in this appeal. We affirm the decision of the trial court.

---

[1] See TEX. PENAL CODE ANN. § 46.04(a)(1) (West 2011).

Background

On October 20, 2016, a Department of Public Safety trooper observed appellant driving 102 miles per hour in a 75-mile-per-hour zone of U.S. Highway 287 in Wilbarger County. Appellant, the sole occupant of the vehicle, was detained. During the detention, the trooper learned that a warrant had been issued for appellant's arrest. Appellant was then arrested, handcuffed, and placed near the trooper's patrol car.

Upon being informed that the vehicle he was driving would be towed, appellant requested that the vehicle be picked up by his girlfriend's parents instead, and the trooper agreed to call them. While waiting for their arrival, the trooper asked appellant for consent to search the vehicle. Appellant replied, "I would prefer you not." The trooper asked if there were any firearms in the vehicle, and appellant responded that there was one. Appellant then gave the trooper consent to search the vehicle. The trooper found a .45 caliber pistol underneath the front passenger seat. Appellant was taken into custody, and the trooper drove him to the county jail. While en route to the jail, appellant told the trooper that he carried a firearm for his protection.

Appellant was charged with unlawful possession of a firearm by a felon. At trial, he stipulated that he had previously been convicted of a felony and that he was released from confinement on April 6, 2012. The jury found appellant guilty of the offense charged.

Appellant filed this appeal, in which he raises three issues. First, he argues that the trial court abused its discretion in allowing the gun found during the search into evidence because appellant did not voluntarily consent to the search. Second, appellant contends that the trial court abused its discretion in allowing into evidence appellant's

statements about the gun and any tangible evidence seized, as such evidence was obtained before appellant was given his *Miranda* rights. Lastly, appellant asserts that the evidence was insufficient to support the jury's finding that he intentionally and knowingly possessed the firearm.

Analysis

Issue 1: Appellant's Consent to Search the Vehicle

Appellant challenges the trial court's finding that his consent to search the vehicle was given freely and voluntarily. Arguing that he had already been placed under arrest, was handcuffed, and was asked "repeatedly" to consent to the search, appellant claims that his circumstances rendered his stated consent involuntary.

Whether an individual has given voluntary consent to search must be established by clear and convincing evidence. *See Meekins v. State*, 340 S.W.3d 454, 459 (Tex. Crim. App. 2011). The ultimate question is whether the person's "will ha[s] been overborne and his capacity for self-determination critically impaired," rendering his consent involuntary. *Id.* (citing *United States v. Watson*, 423 U.S. 411, 424, 96 S. Ct. 820, 46 L. Ed. 2d 598 (1976)). On appeal, we must accept a trial court's finding of voluntariness unless it is clearly erroneous. *Id.* Also, "the party that prevailed in the trial court is afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008).

Appellant filed a motion to suppress evidence from the search and a hearing was held outside the presence of the jury. There, the trooper testified that, while he and

appellant were awaiting the arrival of third parties to retrieve appellant's vehicle, the trooper asked appellant if there was anything illegal in the car. Appellant denied that there was anything in the car. The trooper asked for consent to search the vehicle. Appellant stated that he would prefer that the trooper not do so. The trooper then asked appellant if there was a firearm in the car, and appellant answered affirmatively. "Fairly soon after that," appellant told the trooper he could search the vehicle. In his testimony, the trooper agreed that appellant was in custody and not free to leave at the time he gave his consent.

Appellant testified that the trooper asked him "several times" if there were drugs in the car. When asked how many times the trooper asked him if he could search the car, appellant said he could not recall. He acknowledged he told the trooper that he'd prefer that he didn't search the car, and that right after saying that, he was asked whether there was a firearm in the car. Appellant told the trooper there was a pistol, and then he said the trooper could search the car. Appellant testified that he was "very uncomfortable" and "didn't really think [he] had a choice."

In addition to hearing the testimony of the two witnesses, the trial court viewed the relevant portions of the trooper's dashcam video of the stop. Following the hearing, the trial court found that the trooper "only made one request to search Defendant's vehicle prior to Defendant blurting out that such a search was acceptable." Further, the court found that the length of the stop was not unreasonable, as appellant was arrested around ten minutes into the stop and the request to search the vehicle came around ten minutes later. The court found that the trooper was cordial and professional and did not threaten or coerce appellant. Additionally, the court found that appellant did not provide any

4

credible testimony that he felt compelled, coerced, or pressured to give consent. Considering the totality of the circumstances, the trial court found by clear and convincing evidence that appellant's consent to search was given freely and voluntarily.

Viewing the record and all reasonable inferences in the light most favorable to the trial court's ruling, we conclude the record contains clear and convincing evidence supporting the trial court's determination that appellant's consent to search the vehicle was voluntarily given. *See Johnson v. State*, 68 S.W.3d 644, 653-54 (Tex. Crim. App. 2002) (concluding defendant's consent was voluntary even though he was in custody and not given *Miranda* warnings). Accordingly, we overrule appellant's first issue.

Issue 2: Appellant's Statement about the Gun

Next, appellant maintains that the trial court erred by allowing into evidence a statement he made to the trooper while they were en route to the Wilbarger County Jail. Appellant contends that his statement that he carried a firearm for protection is inadmissible because he was in custody and had not received his *Miranda* warnings before making the statement.

In *Miranda*, the Supreme Court held that when a criminal suspect is placed in custody, law enforcement officers must comply with procedural safeguards to protect the suspect's privilege against self-incrimination under the Fifth Amendment. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). When a suspect makes incriminating statements when the authorities have not given the necessary warnings and the accused has not waived his rights, those statements are generally inadmissible. *See Rhode Island v. Innis*, 446 U.S. 291, 302, 100 S. Ct. 1682, 64 L. Ed.

5

2d 297 (1980). However, the safeguards provided by *Miranda* only apply when a suspect is placed in custody and interrogated by law enforcement. *Id.* at 300; *Jones v. State*, 795 S.W.2d 171, 174-75 (Tex. Crim. App. 1990). Statements given freely and voluntarily are admissible in evidence. *Miranda*, 384 U.S. at 478. If a statement is not made as a result of custodial interrogation, it is admissible. *State v. Waldrop*, 7 S.W.3d 836, 839 (Tex. App.—Austin 1999, no pet.).

When reviewing a trial court's ruling on a *Miranda*-violation claim, we conduct a bifurcated review, affording almost total deference to the trial judge's rulings on questions of fact and on application of law to fact questions that turn on credibility and demeanor, and reviewing de novo the trial court's rulings on application of law to fact questions that do not turn upon credibility and demeanor. *Alford v. State*, 358 S.W.3d 647, 652 (Tex. Crim. App. 2012). If credibility and demeanor are not necessary to the resolution of an issue, whether a set of historical facts constitutes custodial interrogation under the Fifth Amendment is subject to de novo review because that is an issue of law, as it requires application of legal principles to a specific set of facts. *Id.* at 653.

Appellant focuses his argument on the fact that he was in custody at the time he made the statement; however, the State does not dispute that appellant was in custody. The State's position is that appellant's statement was not the product of custodial interrogation, and therefore does not fall within the parameters of *Miranda*. We agree.

The evidence reflects that the trooper was driving appellant, who was handcuffed and seated in the front passenger seat of the patrol car, to the county jail. The trooper was not asking appellant any questions. Appellant initiated a very brief conversation

6

about the presidential debate that was broadcast the previous night. Then, after a period of silence, appellant stated that he carried a pistol for one reason, and that was for his protection. Appellant's statement was not made in response to any question posed or comment made by the trooper.

We conclude that the trial court was justified in finding that appellant's statement to the trooper was spontaneous and not the product of custodial interrogation, and that its admission did not violate *Miranda*. Appellant's second issue is overruled.

Issue 3: Sufficiency of the Evidence

In his final issue, appellant argues that the evidence was insufficient to support the jury's finding that he intentionally and knowingly possessed a firearm when the State failed to prove an affirmative link between him and the firearm. When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a fact finder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We must "defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899-900.

To establish unlawful possession of a firearm by a felon, the State had to prove that appellant was previously convicted of a felony offense and possessed a firearm after the conviction and before the fifth anniversary of his release from confinement or from supervision, whichever date was later. TEX. PENAL CODE ANN. § 46.04(a)(1). Appellant stipulated to the first element, a prior felony conviction. Appellant stipulated that he was released from confinement for that conviction less than five years ago. Appellant contests the jury's determination that he "possessed" a firearm.

"Possession means actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2018). "Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." TEX. PENAL CODE ANN. § 6.01(b) (West 2011). The State may establish possession by proving links demonstrating that the defendant "was conscious of his connection with the weapon and knew what it was." *James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

Appellant contends the evidence is insufficient to support his conviction because appellant was not the owner of the vehicle in which the firearm was found, the firearm was located under the passenger seat of the vehicle, and appellant did not attempt to hide the weapon or flee from the trooper who stopped him. However, the State presented evidence that appellant told the trooper there was a firearm in the vehicle at the time of his arrest. Then, as discussed in our analysis of issue two above, appellant spontaneously told the trooper that he carried a pistol for his protection. Later, appellant told an investigator that he had the gun for a long time and accurately identified it as a

1911 .45.  These facts support the jury's finding that appellant knowingly possessed the weapon.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt that appellant knowingly possessed the weapon.  Appellant's third issue is overruled.

Conclusion

Having overruled each of appellant's three issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.