

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00239-CR
_____

ALFRED SEPULBEDA, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

On Appeal from the 286th District Court
Hockley County, Texas
Trial Court No. 18-02-9301, Honorable Pat Phelan, Presiding

_____

November 25, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Alfred Sepulbeda, Jr., was convicted by a jury of possession of methamphetamine with intent to deliver.[1] The jury assessed his punishment at thirty-five years in prison. Appellant challenges the sufficiency of the evidence to prove that he possessed methamphetamine with the intent to deliver, as set forth in the indictment. We affirm.

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2017).

Background

In the fall of 2016, law enforcement in Hockley County began an investigation into the distribution of methamphetamine from appellant's residence at 407 Avenue L in Levelland, Texas. On October 26, 2016, while the home was under surveillance, a confidential informant entered the residence to purchase methamphetamine. The informant gave the money to Jonathan Garza and waited in the living room. A short time later, Garza and appellant returned to the living room with methamphetamine. Garza handed the methamphetamine to the informant. Appellant's roommate, Adam Martinez, was also present when the methamphetamine was purchased. It is undisputed that appellant was not seen handling the money or the methamphetamine involved in the controlled buy. Later that same day, law enforcement obtained a search warrant for the residence.

During the search of the residence, a plastic bag containing a white powdery substance was found on the living room table. The contents of the bag were field tested and found to be positive for methamphetamine. Officers found four plastic bags of suspected methamphetamine[2] inside an iPhone box on the kitchen table. The words "three and a half" and "seven" were written on the baggies indicating that they were broken up for sale.[3] A scale was found near the cell phone box. Assorted mail addressed to appellant was discovered "all throughout the house," as well as appellant's wallet. Three $20 bills found in appellant's wallet had the same serial numbers as the $20 bills

---

[2] The four plastic bags of suspected methamphetamine weighed 19.3 grams, including packaging.

[3] Three and a half grams is an eighth of an ounce, and seven grams is a quarter of an ounce.

that law enforcement had given to the confidential informant to purchase methamphetamine from appellant.

The four baggies found on the kitchen table were sent to the Texas Department of Public Safety for testing. The results of testing showed the baggies contained 17.48 grams of methamphetamine.

The jury found appellant guilty. Appellant challenges the sufficiency of the evidence to support his conviction for possession with intent to deliver methamphetamine.

Standard of Review

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We are mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Id.* Under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906-07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448-50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is

3

required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899.

Applicable Law

To support the challenged verdict, the State was required to prove that appellant knowingly possessed methamphetamine with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a). To prove possession, the State was required to show that appellant (1) exercised "actual care, custody, control, or management" of the substance, and (2) knew the matter possessed was contraband. TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2019); *Poindexter v. State*, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005). A person commits a possession offense only if he voluntarily possesses the prohibited item. TEX. PENAL CODE ANN. § 6.01(a) (West 2011). "Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." *James v. State*, 264 S.W.3d 215, 218 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

When the accused does not have exclusive possession of the controlled substance or the locale where the controlled substance was found, it cannot be concluded or presumed that the accused had possession over the contraband unless there are additional independent facts or circumstances that tend to connect or link the accused to the knowing possession of the contraband. *Evans v. State*, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006); *Poindexter*, 153 S.W.3d at 406. Mere presence of a defendant at the scene of an offense does not make one a party to joint possession. *Herndon v. State*, 787 S.W.2d 408, 410 (Tex. Crim. App. 1990) (citing *Rhyne v. State,* 620 S.W.2d

4

599, 601 (Tex. Crim. App. 1981)). While some links, including presence, may show knowledge of illegal activities, presence alone does not furnish the connection necessary to establish that a defendant knowingly possessed the contraband. *Id.* Regardless of whether the evidence is direct or circumstantial, in addition to mere presence, the State's case must establish some link between the defendant and the controlled substance which is more than fortuitous. *Evans,* 202 S.W.3d at 161-62. The "links rule" is designed to protect the innocent bystander—a relative, friend, spouse, roommate, or even a stranger to the actual possessor—from conviction based solely upon his fortuitous proximity to someone else's illegal activities. *Id.*

There are numerous nonexclusive factors that have been recognized as contributing to an evaluation of whether an accused "possesses" or is linked to the contraband. *See Triplett v. State*, 292 S.W.3d 205, 208 (Tex. App.—Amarillo 2009, pet. ref'd).[4] Those links include, but are not limited to: (1) the defendant's presence when a search is conducted; (2) whether the contraband is in plain view; (3) the defendant's proximity to and accessibility of the contraband; (4) whether the defendant was under the influence of contraband when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made any incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made any furtive gestures; (9) whether there was an odor of contraband; (10)

---

[4] The Court of Criminal Appeals has recognized that the term "affirmative" adds nothing to the plain meaning of "link" and now uses only the word "link" to evaluate evidence of possession. *Evans,* 202 S.W.3d at 161 n.9. A link is a fact or circumstance which generates a reasonable inference that the defendant knew of the contraband's existence and exercised control over it. *Sanchez v. State,* No. 07-08-00356-CR, 2010 Tex. App. LEXIS 8596, at *12-13 (Tex. App.—Amarillo Oct. 27, 2010, pet. ref'd) (mem. op., not designated for publication) (citing *Lair v. State*, 265 S.W.3d 580, 600 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd)). The evidence demonstrating such links may be direct or circumstantial. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

whether other contraband or drug paraphernalia was present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans*, 202 S.W.3d. at 162 n.12; *see Triplett*, 292 S.W.3d at 208-09; *Figueroa v. State*, 250 S.W.3d 490, 500-01 (Tex. App.—Austin 2008, pet. ref'd).

These factors, however, are simply that—factors which may or may not circumstantially establish the sufficiency of evidence offered to prove the knowing "possession" of a controlled substance. *Evans*, 202 S.W.3d at 162 n.12 (These factors "are not a litmus test."). Furthermore, there is no set formula that an appellate court can use to determine if there are sufficient links to support an inference of knowing possession of drugs. *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.). Each case must be examined according to its own facts on a case-by-case basis. *Roberson v. State*, 80 S.W.3d 730, 736 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). The number of links is not as important as the combined logical force of all the evidence tending to link the accused to the contraband. *Evans*, 202 S.W.3d at 162, 166.

Analysis

The focus of appellant's sufficiency challenge is whether he possessed the methamphetamine with the intent to deliver. Although appellant was not in exclusive possession of the place where the methamphetamine was found, the evidence sufficiently links appellant to the possession and distribution of methamphetamine. Appellant was present when the search warrant was executed at the residence where he lived. The day

6

before his house was searched, appellant observed a sale of methamphetamine in his living room. Additionally, appellant's wallet contained three marked $20 bills used by the confidential informant to purchase methamphetamine at appellant's residence. Law enforcement also found a scale on the kitchen table near four baggies of methamphetamine. The four baggies had markings indicating that the drugs had been portioned for sale. The quantity of drugs found on the kitchen table, 17.48 grams, is more consistent with delivery than personal use, and a surveillance camera mounted on the outside of the residence is commonly associated with persons in the business of selling drugs.

Based on the totality of the evidence presented, we find sufficient links exist between appellant and the methamphetamine found in the residence to determine the evidence is sufficient to support his conviction for possession of methamphetamine with the intent to deliver.

## Conclusion

We overrule appellant's sole issue and affirm the trial court's judgment.

Judy C. Parker
Justice

Do not publish.

7