**Opinion filed February 13, 2020**



# In The

# Eleventh Court of Appeals

_____

## No. 11-18-00045-CR

_____

### JORGE ZALAZAR-FRANCO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**

**Haskell County, Texas**

**Trial Court Cause No. 6877**

## M E M O R A N D U M   O P I N I O N

A jury convicted Appellant, Jorge Zalazar-Franco, of possession of marihuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(5) (West 2017). The trial court sentenced Appellant to confinement for fifteen years in the Institutional Division of the Texas Department of Criminal Justice. In his sole issue, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

*Background Facts*

At approximately 9:00 a.m. on February 10, 2016, Officer Jason Torres pulled over a pickup for speeding in Haskell County. Joseph Barraza was driving the pickup, and Appellant was a passenger. The traffic stop resulted in the discovery of 148.5 pounds of marihuana hidden in the gas tank of the pickup. Appellant was subsequently indicted for possession of marihuana.

At trial, Officer Torres testified that, when he questioned Barraza about their travel itinerary, Barraza revealed that they were going to Oklahoma. When Appellant was questioned, Appellant was unsure where they were going and could not say how long their trip would last. Officer Torres also noticed that there was no luggage in either the interior or the bed of the pickup. Officer Torres then called for backup and had dispatch run a "border crossing check" on the pickup. The check indicated that on February 2, 2016, the pickup entered Mexico and returned to the United States on February 3, 2016. The check also showed that the pickup entered Mexico at approximately 5:36 p.m. on February 9, 2016, and reentered the United States at El Paso at approximately 12:14 a.m. on February 10, 2016.

Officer Torres received consent from Barraza to search his pickup. Officer Torres noticed that there were two full "lawnmower fuel tanks" in the bed of the pickup. He searched underneath the pickup and noticed that the mechanics of the fuel tank had been altered. The officers then used a scope to look inside the pickup's fuel tank, where they saw multiple packages of marihuana. Officer Torres also testified that the fuel needle in the pickup had been wired to show that there was fuel in the tank at all times.

The pickup was later taken to a mechanic shop. Allen Morrow, the shop's owner, testified that he removed the pickup's gas tank. He also noted that the tank

2

did not appear to be the original and that the drugs filled most of the space in the tank.

Lastly, Chief Scott Kennedy of the Haskell Police Department testified that he observed the tank's removal and that the bundles were stacked tightly, taking up most of the room in the tank. Chief Kennedy also testified that he cut open the packages and found marihuana inside. Chief Kennedy testified that 128 packages were inside the tank and that the packages of marihuana weighed 148.5 pounds.

After the State closed, Appellant closed without calling any witnesses.

*Analysis*

Appellant challenges the sufficiency of the evidence to support his conviction for possession of marihuana. Specifically, Appellant asserts that the State failed to prove that he was linked to the marihuana found in the pickup.

We review a sufficiency of the evidence issue under the standard of review set forth in *Jackson v. Virginia*. 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the trier of fact's resolution of any conflicting inferences raised by the evidence and presume that the trier of fact resolved such conflicts in favor of the verdict. *Jackson*, 443 U.S. at 326; *Brooks*, 323 S.W.3d at 899; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

A person commits the offense of possession of marihuana if he "knowingly or intentionally possesses a usable quantity of marihuana." HEALTH & SAFETY § 481.121(a). Evidence that affirmatively links the accused to the marihuana "suffices for proof that he possessed it knowingly." *Brown v. State*, 911 S.W.2d

744, 747 (Tex. Crim. App. 1995). The Court of Criminal Appeals has acknowledged a nonexclusive list of factors that may establish knowing possession, which include: (1) the accused's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the accused's proximity to and the accessibility of the contraband; (4) whether the accused was under the influence of drugs when arrested; (5) whether the accused possessed other contraband or narcotics when arrested; (6) whether the accused made incriminating statements when arrested; (7) whether the accused attempted to flee; (8) whether the accused made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether the accused owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the accused was found with a large amount of cash; and (14) whether the conduct of the accused indicated a consciousness of guilt. *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006). The Court of Criminal Appeals has explained that these factors are "not a litmus test"; rather, they "are simply some factors which may circumstantially establish the legal sufficiency of the evidence." *Id.* Additionally, it is "not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial." *Id.* at 162. Thus, we must examine each case on its own facts. *Whitworth v. State*, 808 S.W.2d 566, 569 (Tex. App.—Austin 1991, pet. ref'd).

In this case, the State provided sufficient evidence linking Appellant to the marihuana. Appellant urges that the only fact linking him to the marihuana was his presence when the drugs were discovered. But the State acknowledges that mere presence alone at a place where drugs are possessed does not justify a finding of joint possession. *See Evans*, 202 S.W.3d at 162 ("Mere presence at the location

where drugs are found is thus insufficient, by itself, to establish actual care, custody, or control of those drugs."). In addition to showing that Appellant was present when the marihuana was found, the State provided additional evidence linking Appellant to the marihuana. The State established that the marihuana was found in an enclosed space because it was found to be concealed in the pickup's fuel tank. *See, e.g.*, *Robinson v. State*, 174 S.W.3d 320, 327 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (whether contraband is found inside an enclosed space is an affirmative link, and a vehicle containing the contraband is an enclosed space). It was also shown that 148.5 pounds of marihuana was found inside the tank. *See Allen v. State*, 249 S.W.3d 680, 698 (Tex. App.—Austin 2008, no pet.) (the presence of a large quantity of drugs strengthens the inference that the accused was aware of the drugs); *Roberson v. State*, 80 S.W.3d 730, 740 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (the presence of a significant amount of drugs is an affirmative link connecting the accused to the contraband). Moreover, the evidence showed that the pickup's gas tank had been tampered with and that the marihuana filled the majority of the space in the tank. Two additional containers of fuel were also found in the bed of the pickup. One could reasonably infer that Appellant was aware of the condition of the gas tank and its cargo as it would be necessary to frequently refuel the pickup since the 148.5 pounds of marihuana took up most of the space in the gas tank.

Despite this evidence, Appellant focuses on links that were not shown. Appellant urges that no marihuana was found on his person, that he was not shown to be under the influence of drugs, that he made no furtive gestures, that he did not have a large amount of cash, and that he did not appear to be nervous when arrested. However, the absence of evidence of some of the factors is not evidence of innocence that must be weighed against the factors that are present. *See James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (citing

5

*Hernandez v. State*, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976)).  Thus, viewing the record and the evidence in the light most favorable to the verdict of the jury, we conclude that the evidence is sufficient to support Appellant's conviction. Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


KEITH STRETCHER

JUSTICE


February 13, 2020

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.